Mr. Frederick E. Landt, III Belleview City Attorney 445 Northeast 8th Avenue Ocala, Florida 34470
Dear Mr. Landt:
On behalf of the City of Belleview you ask substantially the following question:
May the City of Belleview enter into a partnership with a private corporation for the delivery of natural gas service to the city's residents?[1]
In sum:
While the City of Belleview may operate and maintain its own gas distribution system, enter into a franchise agreement, or contract with a private entity to purchase natural gas which it would then sell to the city's residents, it may not enter into a partnership with a private corporation for the delivery of natural gas service without violating Article VII, section 10, Florida Constitution, which forbids the use of the state's taxing power for a private purpose.
You have indicated that a private corporation is negotiating with the city to deliver natural gas service to the city's residents. Rather than the city imposing a franchise fee, the corporation has proposed a partnership whereby the city would share in the net revenues.[2] The city's authority to enter into a such a partnership has been questioned.
Article VII, section 10, Florida Constitution, provides:
"Neither the state nor any county, school district, municipality, special district, or agency of any of them, shall become a joint owner with, or stockholder of, or give, lend or use its taxing power or credit to aid any corporation, association, partnership or person. . . ."
The purpose of this provision is "to protect public funds and resources from being exploited in assisting or promoting private ventures when the public would be at most only incidentally benefited."[3] There are several exceptions to the above prohibition, the most pertinent being that a municipality may become a "joint owner of, giving, or lending or using its taxing power or credit for the joint ownership, construction and operation of electrical energy generating or transmission facilities with any corporation, association, partnership or person."[4]
The proposed partnership for the delivery of natural gas service, however, does not fall within the exception for electrical generating or transmission facilities. Nor is there any other provision in the Florida Constitution that would authorize the city to enter into such a partnership whereby the city would own stock or extend its credit to a private for-profit corporation.[5]
Municipalities have broad home rule powers, including "governmental,corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and [to] exercise any power for municipal purposes, except when expressly prohibited by law."[6] (e.s.) The Legislature further states its intent to "extend to municipalities the exercise of powers for municipal governmental, corporate, or proprietary purposes not expressly prohibitedby the constitution. . . ."[7] (e.s)
Given the express prohibition against a city's becoming a joint owner or stockholder in any corporation, with the exception of an electrical generating facility, the City of Belleview may not enter into a partnership with a private corporation for the delivery of natural gas service to the city's residents.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Two related questions regarding the validity of a contingency clause for termination of the partnership agreement in the event the Legislature materially diminishes the city's authority to exact franchise fees for the use of its rights of way and whether net revenues received under the agreement may be characterized as a "franchise fee" need not be addressed in light of the conclusion reached herein.
[2] Your letter recognizes the city's ability to enter into a franchise agreement with a private company to provide natural gas service to the city's residents. The city also possesses the authority to construct, operate and maintain gas plants and distribution systems. See, s. 180.06, Fla. Stat.
[3] See, Bannon v. Port of Palm Beach District, 246 So.2d 737,741 (Fla. 1971); Op. Att'y Gen. Fla. 00-55 (2000).
[4] See, Art. VII, s. 10(d), Fla. Const. 
[5] Cf., Op. Att'y Gen. Fla. 96-12 (1996) (county hospital district precluded from owning stock in or extending its credit to a private for-profit corporation).
[6] See, s. 166.021(1), Fla. Stat.
[7] Section 166.021(4), Fla. Stat.